UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE STOKES,<br><br>            Plaintiff,<br><br>   v.<br><br>BROADMOOR POLICE DEPARTMENT, et al.,<br><br>            Defendants. | Case No. 16-cv-04106-JSC<br><br>**ORDER OF DISMISSAL** |

      Plaintiff Clarence Stokes brings this civil rights action against the Broadmoor Police Department and Police Commission and two individual police officers arising out of Plaintiff's arrest at a family gathering. (Dkt. No. 1.) Plaintiff initiated this action on July 21, 2016. (*Id.*) On October 27, 2016, at a Case Management Conference, the Court ordered Plaintiff to serve Defendants within 30 days, ordered the parties to file a joint case management statement by January 19, 2017, and set a further CMC for January 26, 2017. (Dkt. No. 9.) The Court held the January 26 further CMC, and Plaintiff did not appear. (*See* Dkt. No. 12.) In addition, Plaintiff neither filed a case management statement in advance of the scheduled CMC nor filed proof of service on the docket. Thus, as of the date of this Order—over six months since he filed the complaint—Plaintiff has still not served Defendants, and he has failed to comply with the Court's orders.

      Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)); *see also Castellanos v. Countrywide Bank NA*, No. 15-cv-00896-BLF, 2015 WL 5243327, at *2 (N.D. Cal. Sept. 8, 2015) (noting that a plaintiff's failure

to serve defendants is considered a failure to prosecute). A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." *Olmstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). "In determining whether to dismiss a claim for . . . failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's unjustified failure to serve Defendants constitutes unreasonable delay. *See Castellanos*, 2015 WL 5243327, at *2. Moreover, four of the five *Pagtalunan* factors weigh in favor of dismissal. In connection with the first and second factor, by failing to serve Defendants, Plaintiff has completely stalled this action and interfered with the Court's need to manage its docket. As to the third factor, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff has offered no explanation for his failure to serve Defendants or appear as ordered. Thus, this factor weighs in favor of dismissal. The fourth factor is the availability of less drastic sanctions. The Court has already given Plaintiff a generous extension of time to serve Defendants, *see* Fed. R. Civ. P. 4(m), and only now after Plaintiff has still failed to serve Defendants and to appear at the CMC or otherwise explain his delay is the Court turning to dismissal. The last factor, which favors disposition on the merits, by definition weighs against dismissal. *Pagtalunan*, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). Four of the five relevant factors weigh in favor of dismissing this action in its entirety, so dismissal is appropriate. *Pagtalunan*, 291 F.3d at 43 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).

Plaintiff has consented, pursuant to 28 U.S.C. § 636(c), to magistrate judge jurisdiction in this matter. (Dkt. No. 8.) Accordingly, the Court DISMISSES Plaintiffs' complaint without

1  prejudice.

2  **IT IS SO ORDERED.**

3  Dated: January 27, 2017

```
                                           _____
                                           JACQUELINE SCOTT CORLEY
                                           United States Magistrate Judge
```